JOHN PONTES, GUARDIAN OF THE PERSON AND ESTATE OF THERESA CRUZ, ALSO KNOWN AS TRAZZA CRUZ, AN INCOMPETENT PERSON *v.* GREGORY PONTES AND EMILY RAPOZA PONTES, AND AMERICAN SECURITY BANK, A HAWAIIAN CORPORATION.

NO. 2971.

ARGUED NOVEMBER 11, 1954.    DECIDED DECEMBER 1, 1954.

TOWSE, C. J., AND STAINBACK, J.

OPINION OF THE COURT BY STAINBACK, J.

In the absence of Associate Justice Le Baron, Circuit Judge Corbett was requested to sit in this cause as a substitute justice. Judge Corbett became ill and was unable to sit. Thereupon, upon stipulation of the parties in open court, it was agreed to hear the same before two justices.

This is a suit in equity by petitioner-plaintiff in error, guardian of the person and of the estate of Theresa Cruz, also known as Trazza Cruz, an incompetent person, seeking the cancellation of a mortgage held by respondent-defendant in error, American Security Bank. The suit was brought against Gregory Pontes, his wife Emily Rapoza

Pontes, the son and daughter-in-law of Theresa Cruz, and against the American Security Bank.

The substance of the material allegations is that Mrs. Cruz, a widow, is approximately seventy-eight years of age and for a long time prior to the transaction discussed Mrs. Cruz, because of advanced years and manifest physical disability, was of feeble and weak mind, memory and understanding, and she was adjudged incompetent on May 26, 1953, about a year after the transactions referred to in the bill for cancellation of mortgage;

That Mrs. Cruz was, on and prior to the 9th day of April, 1952, the owner in fee simple of a certain tract of land situate in Honolulu, as more particularly described in the petition, and that the incompetent Mrs. Cruz, acting upon the inducement and under the influence of respondents Gregory Pontes and Emily Rapoza Pontes, her son and daughter-in-law respectively, was taken to the American Security Bank, respondent herein, and there at their request made application to said bank for a loan in the amount of $5,000, offering to give as security therefor a mortgage on the described premises; that at the time of said application the said incompetent was of advanced age, of feeble state of mind, which facts were manifest or easily ascertainable by a person of ordinary discernment, and that at the time and place aforesaid the incompetent Mrs. Cruz had no income or other assets whereby she could discharge the obligations incurred by virtue of the proposed loan;

That because of the foregoing conditions an official of the American Security Bank suggested to the respondents, Gregory Pontes and Emily Rapoza Pontes, and the said incompetent Mrs. Cruz that the property be transferred from Theresa Cruz to Gregory Pontes and Emily Rapoza Pontes and in furtherance of said design suggested that

the bank's attorney prepare a deed effecting such conveyance;

That pursuant to such advice a warranty deed was prepared by the attorney for the bank transferring in fee simple the estate of the incompetent to said premises to Gregory Pontes and Emily Rapoza Pontes, and said deed was acknowledged before William K. Ho, a notary public then in the employ of the respondent bank; thereafter respondents Gregory Pontes and Emily Rapoza Pontes executed a mortgage in favor of the American Security Bank securing a loan in the amount of $5,000; that the conveyance was an improvident gift of the entire worldly assets of the said incompetent and that of the sum advanced by the bank the said incompetent received nothing and said Gregory Pontes and Emily Rapoza Pontes received all the proceeds from the said loan and have dissipated the same;

That the deed and mortgage were procured by fraud and undue influence of the respondents acting in concert and at no time was the incompetent advised independently of the nature and effect of said transfer;

That the lien of said mortgage is void;

That the mortgagors are now and have been in default under terms of the mortgage and have been occupying the premises without payment of rent for more than a year prior to the filing of the petition;

That petitioner has no adequate remedy at law.

Petitioner then asks that the mortgage be cancelled and that the respondents Pontes pay to petitioner the sum of $840.00 as reasonable rental for the occupancy of the premises, and for costs and such other relief as may be equitable in the premises.

Respondents Pontes failed to answer the petition and default was duly entered against them.

Respondent American Security Bank demurred to said

petition setting forth twelve grounds, mostly duplication, the chief one being that the petition is without equity and fails to set forth facts sufficient to constitute a cause of action to entitle petitioner to the relief prayed for against the American Security Bank, or any relief. Various other similar grounds are that the petition lacks equity, that the petitioner is estopped from obtaining equitable relief, that petitioner fails to allege facts sufficient to establish fraud on the part of the respondent American Security Bank, that the allegations of fraud and undue influence are mere conclusions of law, that the allegations are vague, indefinite, etc., and that it affirmatively appears from said petition that the petitioner has an adequate remedy at law.

The chancellor, with no discussion as to his reasons, sustained the demurrer on all grounds and gave no leave to amend. Petitioner comes to this court upon writ of error.

The respondent bank bases much of its argument on the theory that the petitioner assumes that the facts of advanced age, feebleness of mind and body, and improvidence of disposition of realty *ipso facto* give rise to the presumption of undue influence exercised by the parties to the transaction.

We do not so understand the pleading, but rather that the deed and mortgage were procured by fraud and undue influence of the respondents "acting in concert."

Old age and mental incapacity are not in themselves sufficient basis for the cancellation of a written instrument unless the state of mind complained of is such that it rendered the afflicted person incapable of understanding the nature and effect of the transaction at the time the instrument was executed. However, mental weakness and incapacity when accompanied by fraud, imposition, abuse of confidence or over exercise of authority justifies the imposition of a court of equity and cancellation may be

had of a contract or conveyance obtained by thus taking advantage of such mental weakness. (9 Am. Jur., Cancellation of Instruments, §§ 16, 17, p. 363.)

These, in substance, are the allegations of the petition and it is not necessary to set forth in the bill of complaint all the evidence that may be adduced to prove the fraud, it being sufficient merely to allege that the grantor is old, infirm, feeble-minded, and under the influence and control of the respondents; that for an inadequate or no consideration they induced her to sign away absolute title to all her real estate.

The demurrer on the ground of an adequate remedy at law is entirely without merit as an action for cancellation of a contract is peculiarly one of equitable jurisdiction.

If the grantor were absolutely incapacitated the instrument would be void even as against *bona fide* purchasers. However, we do not gather that to be the contention of the petitioner, but that there was undue influence exercised by the respondents acting in concert. Thus the bank would have to have knowledge of the incapacity of the incompetent.

The scienter on the part of the bank might be somewhat more fully set forth but the allegation of the respondents acting in concert for the purpose of effecting the transfer is at least a sufficient allegation of notice to permit the petitioner to stay in court.

Reversed and remanded for further proceedings in accordance herewith.

*R. D. Welsh* (*B. Kanbara* with him on the briefs) for plaintiff in error.

*G. T. Nakamura* (*P. A. Lee* and *Y. Fukushima* on the brief) for American Security Bank, one of the defendants in error.